UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CURT LOWDER,

    Petitioner,

    v.

WARDEN,

    Respondent.

CAUSE NO. 3:19-CV-1116-RLM-MGG

OPINION AND ORDER

Curt Lowder, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-19-8-99) at the Indiana State Prison in which a disciplinary hearing officer found him guilty of possession of a weapon in violation of Indiana Department of Correction Offense 106 and sanctioned him with a loss of one hundred eighty days earned credit time.

Mr. Lowder argues that the hearing officer had insufficient evidence to support of finding of guilt. He says he intended to use the items found under his bed as tools to repair electronic devices rather than as weapons and that two of these items were plastic instead of metal.

> T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a correctional officer represented that he found four items containing sharpened metal wrapped in plastic underneath Mr. Lowder's bed. It also includes a photograph of these items; in the photo, they resemble makeshift weapons. The record thus contains some evidence to support a finding that Mr. Lowder possessed unauthorized items intended for use as weapons, and this remains true even if, as Mr. Lowder alleges, two of the items consisted of only plastic. Though Mr. Lowder told the hearing officer that he never intended to use these items as weapons, intent isn't an element of the charged disciplinary offense.[1] Even if it was, the hearing officer was not required to credit Mr. Lowder's statement over his own assessment of the items or that of other correctional staff. Therefore, the claim that the hearing officer had insufficient evidence to find him guilty is not a basis for habeas relief.

Mr. Lowder argues that he wasn't allowed to present the confiscated items at the hearing. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other

---

[1] The appendix listing and defining disciplinary offenses for the Indiana Department of Correction is available at https://www.in.gov/idoc/files/ADP-Attachment-I-Offenses-3-1-2020.pdf.

documentary evidence." Id. "[P]rison disciplinary officials need not permit the presentation of irrelevant or repetitive evidence in order to afford prisoners due process in disciplinary proceedings." Scruggs v. Jordan, 485 F.3d 934, 939–40 (7th Cir. 2007). The administrative record included a photograph of the confiscated items that was of reasonable quality, and Mr. Lowder doesn't explain how the confiscated items themselves would have assisted him in arguing his case at the hearing or why he thinks they would have changed the hearing officer's assessment of items. Presenting the confiscated items would have been repetitive and wouldn't have affected the outcome of the hearing. See Jones v. Cross, 637 F.3d 841, 846 (7th Cir. 2011) (applying harmless error analysis to a prison disciplinary proceeding); Piggie v. Cotton, 344 F.3d 674, 677 (7th Cir. 2003) (same).

Mr. Lowder also argues that he should have been allowed to present the confiscated items as exculpatory evidence. The court of appeals has held that "the rule of Brady v. Maryland, 373 U.S. 83 (1963), requiring the disclosure of material exculpatory evidence, applies to prison disciplinary proceedings." Piggie v. Cotton, 344 F.3d at 678. There is no debate that correctional staff disclosed the confiscated items to Mr. Lowder. It's unclear how the confiscated items were exculpatory given that they look like makeshift weapons. It's also unclear how they constituted material evidence given the photograph's availability. Therefore, the claim that the hearing officer did not allow the presentation of the confiscated items is not a basis for habeas relief.

Mr. Lowder argues that he is entitled to habeas relief because the hearing officer didn't provide a written explanation of his decision that included the evidence upon which he relied. Procedural due process requires a "written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." Wolff v. McDonnell, 418 U.S. at 564. "A prison disciplinary committee is required to give a brief statement of the evidentiary basis for its decision to administer discipline, so that a reviewing court, parole authorities, etc. can determine whether the evidence before the committee was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct." Saenz v. Young, 811 F.2d 1172, 1174 (7th Cir. 1987). The hearing officer fulfilled his obligation to provide a written explanation by indicating that he relied on the conduct report and the photograph of the confiscated items in reaching his decision. The claim that the hearing officer provided an inadequate written explanation isn't a basis for habeas relief.

Because Mr. Lowder hasn't asserted a valid claim for habeas relief, the habeas petition is denied. If Mr. Lowder wants to appeal this decision, he doesn't need a certificate of appealability because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). He can't proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Curt Lowder leave to proceed in forma pauperis on appeal.

SO ORDERED on November 20, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
